Smith v. King.

---

No. 8734.

## Smith v. King.

Practice.—*Judgment Reopened.*—*Section 601, R. S. 1881.*—*Complaint.*—*Demurrer.*—A party notified by publication only, and who has had a judgment against him opened under sec. 601, R. S. 1881, may demur to the original complaint for such cause as would not be deemed amendable on appeal, or cured by the verdict on motion in arrest.

Partition.— *Cross Petition.*— *Notice.*— *Res Adjudicata.*—If a person, not named in the petition for partition, becomes a party, and files a cross petition, claiming that certain defendants had conveyed their alleged interests to him, there can be no valid finding and decree in reference to the cross petition without legal notice of the filing thereof, or an appearance thereto by such defendants. The original petitioners, under section 7 of the act concerning partition, 2 R. S. 1876, p. 343, may dispute the right of such third person to appear if hostile to their interests, but they can not represent such defendants.

Pleading.— *Written Instrument.*—The deeds through which one claims title are not the foundation of his action for partition or to quiet title, and copies thereof filed with the complaint can not be looked to in passing upon a demurrer to the complaint.

From the Tippecanoe Circuit Court.

*I. N. Alexander* and *J. A. Stein*, for appellant.

*R. C. Gregory, W. B. Gregory, J. W. Wilstach* and *J. A. Wilstach*, for appellee.

WOODS, J.—The appellant has assigned two errors, but his counsel have addressed their argument solely to the decision of the court in overruling the demurrer for want of facts to the appellee's complaint.

The original complaint, which purports to be a " complaint to amend decree and quiet title," was against Ellen Ketchum and her husband, Joshua Ketchum, and Ann Harris and her husband, Elijah Harris. Afterwards an amendment was permitted, whereby the appellant was made a defendant. Notice by publication to all the defendants was duly proven, and a decree taken against them *pro confesso*. The appellant afterwards appeared and procured an order opening up the decree and permitting him to defend, whereupon, over the objection of the appellee, but with the leave of the court, he filed a demurrer to the complaint, which the court overruled, and the appellant declining to answer over, though he had presented a verified answer to the merits with his petition for the opening up of the decree, the court gave judgment confirming the decree as originally entered.

The appellee now insists that the appellant was entitled to have the decree opened up only for the purpose of answering to the merits, and consequently that the court had no right to permit the filing of the demurrer, and that the ruling thereon presents no question for the consideration of this court.

The provision of the code, section 44, R. S. 1881, sec. 601, is: " But, before any judgment shall be opened, such party shall give notice to the original complainant," etc., " and shall file a full answer to the original complaint," etc.

While we are of the clear opinion that in such case a demurrer should not be entertained for any cause which would be deemed cured by the verdict, or in reference to which the complaint was amendable on the trial as a matter of course,

and on appeal would be treated as amended, yet, if the complaint is claimed to be fatally defective, the court may permit it to be tested by a demurrer, without waiting for a motion in arrest, to which the party clearly might resort.

As against the appellant, the complaint shows an unquestionably good cause of action to quiet the appellee's title to certain lands described, unless the averments made in reference to the proceedings and decree in partition, which decree it was sought to have corrected, are such as to nullify the title which it was sought to quiet.

A complete transcript of the proceedings and decree in partition is set out and embodied in the complaint, whereby it appears that Job E. Stevenson and four others presented a petition for partition against Edward O. Stevenson and a large number of others, including the said Ellen Ketchum and Ann Harris and their husbands, it being alleged in the petition that the respective parties each owned a certain designated interest in the lands sought to be partitioned, the interest of Mrs. Ketchum and Mrs. Harris each being stated as the one-twenty-sixth. Being non-residents, they and their husbands were notified by publication to answer the petition, but made default. Before this default was taken, though after the proof of publication against the non-resident defendants, the appellee King, in pursuance of leave of the court theretofore granted, having been admitted to defend, filed an answer and cross petition, alleging that the said defendants Harris and Ketchum had conveyed away their respective interests, and that, by certain *mesne* conveyances, he, the said King, had become the owner thereof, and asking that the same be set off to him in severalty. No notice of the filing of this cross petition was ever issued or published, and the original petitioners do not appear to have joined issue upon it.

The final decree recites the coming of "the parties heretofore appearing by their counsel, as heretofore," the default of the parties who did not appear, including the defendants Ketchum and Harris, "and now on motion and by agreement

of the parties appearing, and by reason of the default and decree *pro confesso* aforesaid, as to the defaulting defendants, this cause, for hearing and trial, is submitted to the court, without the intervention of a jury," etc.; and the court proceeds to enter a finding for the petitioners, specifying their respective interests and the interest of each defendant in the land as stated in the original petition, decrees partition and appoints commissioners, who report accordingly, confirms the report, and appoints a commissioner, who reports conveyances to the respective parties of the portion set off to each, which deeds the court approves—no reference to the name or cross petition of the appellee being made in the finding, orders or decree, but the interests, which he claimed to have derived from Mrs. Harris and Ketchum, being set off to them as their own.

In reference to these proceedings, thus set out in his complaint, the appellee avers that, through his mistake and inadvertence, the judgment of partition in said cause was made in favor of the said defendants Ellen Ketchum and Nancy Ann Harris, instead of in favor of the plaintiff, and the mistake carried into the commissioners' deeds for the lands before described; that he is still the owner in fee simple thereof and entitled to a deed of conveyance by a commissioner, to be appointed by the court for the purpose of correcting such mistake; that the defendant William Smith, one of the grantors in the plaintiff's chain of title, is asserting an interest adverse to the plaintiff's claim, but has in fact no interest. Wherefore, etc.

The appellant insists that this is not a good complaint for a review of the judgment, because no error is shown; that section 99 of the code does not apply, nor section 29 of the act concerning partition, 2 R. S. 1876, p. 350; and that, the case not coming within any of these provisions, the complaint is an effort to make a collateral attack upon the decree in the partition case; that, this attack not being permissible, the decree stands as a conclusive adjudication that the appellee had no interest in the land at the time of the decree, and that

his alleged interest belonged to Ellen Ketchum and Nancy Ann Harris.

Conceding, without deciding, that the appellee is without remedy so far as the effort to correct the decree is concerned, we do not concur in the proposition that he is estopped by force thereof from asserting title to the land. Estoppels must be mutual, and if the decree, as rendered, is conclusive against the appellee, it must be that if the decree had been in his favor, adjudging that he had become the owner of the shares of Ketchum and Harris, it would have been conclusive upon them; but the only notice given them was to answer the original petition, which conceded their interest, and it would be singularly unjust if, upon such a notice, a stranger to the original petition could come in and contest their right upon a cross petition of which they had neither actual nor constructive notice.

The statutory provisions on the subject are as follows:

"SECTION 1. That all persons holding lands as joint tenants or tenants in common, or tenants in coparcenary, may be compelled to divide the same in the manner provided in this act.

"SEC. 2. Any such tenant may apply to the circuit court, or court having probate jurisdiction of the county in which the lands, or any part thereof, may lie, by petition setting forth a description of the premises and the rights and titles therein of the parties interested.

"SEC. 4. It appearing to the court that such summons has been served ten days before the first day of the term, and when publication as aforesaid is required, that the same has been made thirty days previous to such term, the court shall proceed to hear and determine such petition.

"SEC. 5. Any person interested in such estate may appear and plead any matter tending to show that the petitioner ought not to have partition as prayed for, and the further pleadings shall be conducted as in actions at common law, until an issue in law or in fact shall be joined, which shall be determined as in other cases.

"SEC. 7. If any person not named in the petition shall appear and plead as a defendant, or allege any title to any part of the premises, the petitioner may reply that such person has no estate in the premises, and pray judgment if he shall be admitted to object to the petition, and the petitioner may likewise reply in answer to such plea, any other matter in manner as if he had not disputed such person's right to appear.

"SEC. 8. If it shall appear that such person has no estate in the lands, the matter of his plea shall be no further inquired of.

"SEC. 9. If upon trial of any issue, or upon default, or by confession or consent of parties, it shall appear that partition ought to be made, the court shall award an interlocutory judgment that partition be made to parties who may desire the same, specifying therein the share assigned to each, and taking into consideration advancements to heirs of a person dying intestate ; and the residue of the premises shall remain for the persons entitled thereto, subject to a future partition.

"SEC. 15. The commissioners shall make to the court and acknowledge in open court, their report, specifying by divisions, or by metes and bounds, each share.

"SEC. 16. Such report, if confirmed by the court, shall be spread upon the order book, and judgment of partition be rendered accordingly. And such report and judgment shall also be recorded, in a separate book kept for that purpose.

"SEC. 29. Upon showing sufficient cause, any person not served with summons, may, within one year after such partition is confirmed, appear and open the proceedings and obtain a review thereof, and also any person of unsound mind, or an infant whose guardian did not attend and approve such partition, may, within one year after the removal of his disability, have a review of such partition."

Under section 7 the original petitioners may dispute the claim of any one not named in the petition who appears to assert an interest, and as between such person and the petitioners the determination of the issue will doubtless be conclusive ; but we do not agree to the proposition of counsel

that the petitioner represents or has " authority to litigate for the interest of the true owners."

The decree in partition doubtless settles the rights of the petitioners as between themselves and as against the defendants named in the petition and served with process, and also the rights of the defendants as between themselves, perhaps, if they appear and it is done without objection; but it does not follow that a person not named in the petition may come in and claim the share of a defendant who is named, and who does not appear, and obtain a valid decree establishing his claim. There is nothing in the statute, and certainly not in the general rules of procedure, to warrant such a conclusion.

Counsel for the appellant insist further that when Mrs. Harris and Mrs. Ketchum made the conveyances under which the appellee claims title, they had no vested interest, and that their deeds were not operative upon the contingent interests which afterwards became in them vested rights, and were transferred to the appellant. The demurrer, however, does not raise the question. The averments of the original complaint show that the conveyances under which the appellee claimed were made after the rights of the grantors had become absolute, and, except for the copies of deeds set out in the amendment to the complaint, there is nothing to indicate the contrary. But, under numerous decisions, these exhibits can not be regarded in determining the meaning and sufficiency of the averments of the pleading with which they are set out. These deeds may have been the evidence of the appellee's title, but they were not the foundation of the action. And, even if they were, their dates would not control the allegation of the pleading as to the time when they were executed. If, therefore, the appellant would have presented the question of the power of Mrs. Harris and Mrs. Ketchum to convey, before the happening of the event on which their rights became perfect, and of the effect of the deeds which were made, they should have set up the facts in a special answer. It was enough for the appellee to have averred his title generally, and, as we have

seen, the particular averments contained in the amendment are not such as to destroy the force of the general averment contained in the original pleading.

Judgment affirmed, with costs.